Missouri, Kansas & Texas Railway Company v. H. N. Garrett.

Decided April 29, 1905.

1.—Carriers of Live Stock—Negligence—Rough Handling.

It can not be said as a matter of law that the failure of a railway company to transport cattle without rough handling constitutes negligence, and a charge so instructing is error.

2.—Same—Measure of Damages—Negligence.

A charge stating the measure of damages as the difference in the market value of the cattle at destination in the condition they were then in, and their

market value there in the condition they would have been in had they been transported within a reasonable time and without injury from rough handling, was erroneous because ignoring the question of whether negligence on the part of the carrier caused such injury.

**3.—Same—Error not Harmless.**

Such error in the charge must, in a case where the verdict rests alone upon opinion evidence, be held prejudicial irrespective of the amount of the verdict.

Appeal from the District Court of Midland. Tried below before Hon. J. H. Beall, Special Judge.

*Bryan & Whitaker,* for appellant.—1. A charge requiring a defendant railway company to transport cattle without rough handling imposes a greater degree of care than the law requires. Railway v. Lock, 70 S. W. Rep., 456.

2. The correct measure of damages to cattle shipped to market is "the difference in the market value of said cattle at destination at the time and in the condition they arrived and their market value at the time and in the condition same should have arrived at destination but for defendant's negligence." St. Louis S. W. Ry. Co. v. Smith, 77 S. W., 28; Galveston, H. & S. A. Ry. Co. v. Johnson, 29 S. W., 430, 431.

*Camp & Caldwell,* for appellee.—The charge, taken as a whole, is correct, and does not impose too high a degree of care under the pleadings and evidence. Houston & T. C. Ry. Co. v. Katham, 84 S. W. Rep., 1089; Houston & T. C. Ry. Co. v. Gray, 85 S. W. Rep., 838; San Antonio Traction Co. v. Warren, 85 S. W. Rep., 26; Galveston, H. & S. A. Ry. Co. v. Johnson, 19 S. W. Rep., 867; Missouri, K. & T. Ry. Co. v. Chittim, 60 S. W. Rep., 284; nor does it, taken as a whole, authorize a recovery except for defendant's negligence. Galveston, H. & S. A. Ry. Co. v. Johnson, 19 S. W. Rep., 867; St. Louis Ry. Co. v. Hunt, 81 S. W. Rep., 322; Missouri, K. & T. Ry. Co. v. Chittim, 60 S. W. Rep., 284; Houston & T. Ry. Co. v. Gray, 85 S. W. Rep., 838.

SPEER, ASSOCIATE JUSTICE.—Garrett brought suit in the District Court of Midland County against the Texas & Pacific Railway Company, the Missouri, Kansas & Texas Railway Company of Texas, and the Missouri, Kansas & Texas Railway Company, to recover damages for alleged delays and rough handling of a shipment of cattle from Odessa, Texas, to Kansas City, Missouri. There was judgment in plaintiff's favor against the Texas & Pacific Railway Company for $84, in favor of the Missouri, Kansas & Texas Railway Company of Texas, and in plaintiff's favor against the Missouri, Kansas & Texas Railway Company for the sum of $887.82, with interest. The last named company alone appeals.

The first paragraph of the court's charge is complained of, for the reason that it imposes upon the appellant a greater degree of care than the law requires. The part objected to is as follows: "A failure to transport the cattle on the part of the defendants without rough handling within a reasonable time, and with such care and dispatch as

an ordinarily prudent person would have done under similar circumstances, would constitute negligence on the part of such defendant or defendants so guilty of such failure." We think this criticism is just. It can not be said as a matter of law that a failure to transport cattle without rough handling would constitute negligence; the charge clearly states that it would.

The same vice is found in the seventh paragraph of the court's charge, wherein the jury are instructed to consider injuries from rough handling as an element of damage, but the particular objection made by appellant that this charge was erroneous because there was absolutely no evidence of any rough handling while the cattle were in its possession, can not be sustained. We think there was sufficient evidence upon this phase of the case to require its submission to the jury.

Neither can we sustain the seventh assignment, asserting that there was no evidence that any cattle were lost while in appellant's possession.

The seventh paragraph seems also to be incorrect in respect to the measure of appellee's damages. The jury are therein instructed that "the measure of damages in this case is the difference, if any, in the market value of the cattle at the time they arrived at the point of destination in the condition they were then in, and the market value of such cattle at said point of destination in the condition they would have been in, at the time they should have arrived, had they been transported within a reasonable time and in an uninjured condition; . . . and should you, as hereinbefore instructed, conclude from the evidence that any of the cattle were lost by any of the defendants, you will then determine as to what the market value of said cattle would have been at the point of destination, had they been transported within a reasonable time and without injury by reason of rough handling, and find for plaintiff for the value of the same as thus ascertained."

This would authorize the jury to charge the appellant with all injuries inflicted upon the cattle, whether the same were the result of negligence or not. St. Louis Southwestern Ry. Co. v. Smith, 33 Texas Civ. App., 520, 77 S. W. Rep., 28.

Appellee insists that these errors are shown to be harmless in view of the fact that there was an undisputed delay of twenty or more hours upon the part of appellant, and that the lowest estimate of damages by reason of this alone would authorize a verdict for a greater sum than that awarded. But in a case of this character, where the verdict of the jury rests alone upon opinion evidence, we can not say that the evidence requires a finding for at least the amount of the judgment, and that therefore the errors are without harm. In appellee's computation, which is entirely conjectural, he excludes the items of lost cattle, which, to say the least, appear to be as fully proved as are the delays, but we certainly have no means of knowing that the jury did not consider these items, as they undoubtedly were authorized to do. Neither can we say that the jury did not consider rough handling as an element of damage contributing to appellee's loss.

In view of another trial, we suggest that at most it was a question of fact to be determined by the jury, whether or not the appellant transported the cattle in question upon the terms of the written contract with the Texas & Pacific Railway Company, and it would be

error to assume that it did not, as was done in the tenth paragraph of the charge in this case.  The facts that the contract entered into between the appellee and the Texas & Pacific Railway Company stipulated for its adoption by connecting carriers, and that the cattle were shipped over appellant's line without requiring the execution of another contract, constitute evidence tending to show that such shipment by appellant was upon the terms of this written contract.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*