TEXAS AND PACIFIC RAILWAY COMPANY ET AL. v. W. R. FELKER.

Decided March 10, 1906.

**Shipment of Cattle—Charge—Error.**

In a suit for damages to a shipment of cattle the defendant railroads plead and introduced evidence tending to prove that the injuries to the cattle were the proximate result of their poor condition and improper loading by plaintiff. The court charged the jury as follows: "If you find for the plaintiff any damages, you will assess such damages for the cattle lost and dying, if any, at the market value, if any, of the same at Mounds, Indian Territory, at the time and in the condition said cattle should have arrived there, had they not been roughly handled and delayed, if they were roughly handled and delayed,

to which you will add the difference between the market value of the surviving cattle at Mounds, at the time and in the condition they arrived there, and their market value at said place at the time and in the condition they should have arrived there had they not been injured by the negligence of the defendants." Held, error, because upon the weight of evidence, and in effect assuming that rough handling constituted negligence.

Appeal from the District Court of Mitchell County. Tried below before Hon. James L. Shepherd.

*J. M. Wagstaff* and *T. P. Davidson,* for appellants.—The court erred in refusing special charge asked by both defendants as follows: "If you believe from the evidence that the cattle were poor, thin and weak, and that the cattle sustained damages in transportation by reason of their being poor, thin and weak and that the damages proximately resulted from their poor condition and not from the negligence of the defendant, then you will find for defendants for any damages, if any, that proximately resulted from their poor and weak condition, if they were poor and weak." Texas & P. Ry. Co. v. Dawson, 78 S. W. Rep., 235; Texas & P. Ry. v. Stribling, 34 S. W. Rep., 1003; Harris v. Harwell, 71 S. W. Rep., 791; Missouri, K. & T. Ry. v. Carter, 68 S. W. Rep., 169; Galveston, H. & S. A. Ry. v. Washington, 63 S. W. Rep., 534.

The appellee having cut and shaped the cattle for loading and having undertaken to load the cattle would be responsible for any damages that occurred to the cattle, if any, by reason of improper loading of the cattle. Missouri Pac. Ry. v. Edwards, 78 Texas, 313.

*Cowan & Burney,* for appellee.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment of the District Court of Mitchell County in appellee's favor against the Texas & Pacific Railway Company for $750 and against the St. Louis & San Francisco Railway Company for $1,975, as damages to cattle shipped by the appellee during the spring of 1902 over the lines of railway named from Colorado, Texas, to Mounds, Indian Territory. The shipment consisted of 767 cows, 183 calves, 15 yearlings and 17 bulls. Appellee alleged that the cattle were roughly handled and delayed by the defendant companies and were damaged thereby. The appellants answered by general denial; that the plaintiff undertook to load the cattle and overloaded them; that the cattle were poor, thin, and weak, and not able to stand the shipment; and that the injuries that occurred to the cattle were the proximate result of their poor condition and improper loading.

There was evidence tending to support the issues thus presented, and the first assignment of error calls in question the eighth paragraph of the court's charge to the jury, namely: "If you find for the plaintiff any damages, you will assess such damages for the cattle lost and dying, if any, at the market value, if any, of the same at Mounds, Indian Territory, at the time and in the condition said cattle should have arrived there, had they not been roughly handled and delayed, if they were roughly handled and delayed, to which you will add the difference be-

tween the market value of the surviving cattle at Mounds, Indian Territory, at the time and in the condition they arrived there, and their market value at said place at the time and in the condition they should have arrived there, had they not been injured by the negligence of the defendants or any of them."

This charge is clearly erroneous. It is upon the weight of the evidence and in effect assumes that rough handling constituted negligence. See the case of the Missouri, K. & T. Ry. Co. v. Garrett, 87 S. W. Rep., 172, where a similar charge was condemned. Appellee insists that the objectionable feature was cured by the seventh, tenth and twelfth clauses of the court's charge, but we think, after careful consideration, that the clauses so relied upon substantially contain the same vice and emphasize, if anything, the error pointed out. We think that the judgment must be reversed because of the error noted.

In view of another trial we will add that we think appellants' special charge No. 1, quoted in the second assignment, should have been given, as it by no means seems clear to us that the twelfth clause of the court's charge plainly and affirmatively presents the issue of injuries to the cattle proximately resulting alone from their poor, thin and weak condition. We find no evidence raising the issue presented in special charge No. 2, to the effect that appellee mixed poor and weak cattle with strong cattle, whereby injury resulted.

For the error pointed out in the charge quoted, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*