Filed Oct. 30, 1891.

---

No. 348.

## HOOD v. TYNER.

NEW TRIAL.—*Improper Statements of Counsel.—How Made Part of Record.*— Statements improperly made by counsel in his address to the jury can only be brought into the record by a bill of exceptions.

EVIDENCE.— *Offers to Compromise.— When Privileged.*—Propositions of compromise are privileged only when made to purchase peace in a controversy where the proponent does not admit his liability; but a proposition, where there is no controversy over the amount due, relating solely to the method of paying the claim due, is not privileged.

From the Howard Circuit Court.

*J. O'Brien* and *C. C. Shirley,* for appellant.

*R. P. Beauchamp* and *W. W. Mount,* for appellee.

CRUMPACKER, J.—This action was commenced by Tyner against Hood before a justice of the peace upon an account. The defendant filed a set-off. In the circuit court the plaintiff had judgment and the defendant appeals, assigning for error the overruling of his motion for a new trial.

The first question discussed by counsel for appellant relates to alleged misconduct of appellee's counsel in making improper remarks to the jury in his opening statement of the case.

The motion for a new trial states that in outlining the case preparatory to the introduction of the evidence, one of appellee's attorneys stated to the jury that certain statements made by the appellant would be proved, in which he admitted that he was indebted to the appellee, but he thought in a lesser amount than was claimed.

This statement was objected to, on the ground that if such admission was made it was made in a conversation between the parties looking towards a settlement of the matters in controversy, and a compromise of their differences, and was, therefore, confidential and privileged. This matter appears only in the motion for a new trial, and is, therefore, not in the record.

It is not the office of such motion to bring any part of the court proceedings into the record; this can only be done by bill of exceptions. *Applegate* v. *Baxley*, 93 Ind. 147; *Myers* v. *State*, 92 Ind. 390; *Chambers* v. *Kyle*, 87 Ind. 83.

The only other ground relied upon for a reversal is alleged error in allowing appellee to testify to a conversation between himself, appellant and one Wilson.

The objectionable testimony, as disclosed by the record, is as follows:

" Q. Who was with you?

"A. Ed Wilson, the constable. He told Mr. Hood that I had met with some loss; that I was needing a horse, and if he had a horse he could sell me, that probably that would be as good as the money. Mr. Hood said he had some horses

Hood v. Tyner.

and he didn't know but he might spare one. He had them in the barn. He took us around and showed them to us. One horse he estimated at $100, another I think at $140, and probably one at $125. Three horses he gave the prices on. It was the one hundred-dollar horse he offered to trade me on the account. He said he would give me the horse for the account and twenty dollars to boot. I didn't think the horse was worth $100 quite. I told him I would give him the account for the horse. He would not do that, but before I left I made him an offer. I told Mr. Wilson to tell him, after we had got in the buggy and drove off a little piece, when he was shutting the gate, that I would give him $12.50, but he misunderstood me, and told him that I would give him $15 and the account for the horse. He would not do it, and so I drove off."

This was objected to on the ground that it was "simply negotiation to settle by compromise."

This conversation occurred upon an occasion when the appellee went to the home of the appellant to collect his account. The latter said that he did not have the money to pay him at that time, hence the talk about the sale of a horse.

There was no element of compromise in the negotiation. No treaty of peace was pending between the parties, and the proposition to sell the horse was not an overture of pacification, but was suggested as a means of paying a debt which the debtor was unable to pay in cash.

Propositions for compromise are privileged only when made to purchase peace in a controversy where the proponent does not admit his liability. Here there seems to have been no question in the minds of the parties concerning the appellant's liability, and the proposition for settlement related solely to the method of paying the claim.

We think the evidence was competent.

The judgment is affirmed.

Filed Oct. 30, 1891.