## No. 396.

## STEEG v. WALLS.

EVIDENCE.—*Competency of Admissions.*— *Compromise.*—A party can not render an admission incompetent by testifying that he intended it to bring about a compromise, unless, in fact, there was an honest controversy between the parties, and an agreement pending or proposed to settle it without litigation.

INSTRUCTIONS TO JURY.—*How Brought Into the Record.—Filing.—Bill of Exceptions.*—Instructions can not be brought into the record without a bill of exceptions, unless it affirmatively appears that they were filed, and to be filed the attention of the court should be called to the filing and the filing minuted on the docket, and be made to appear as a part of the court proceedings in the order book.

From the Marion Circuit Court.

*A. B. Young,* for appellant.

*W. E. Niblack* and *W. B. Walls,* for appellee.

CRUMPACKER, J.—This action was brought by Walls to recover the value of legal services alleged to have been performed by him for Steeg. The plaintiff had judgment below, and the defendant appeals and assigns for reversal, error in overruling his motion for a new trial.

The appellee testified to the rendition of the services and their value, and that he had not been paid therefor. Appellant did not deny the performance of some of the services sued for, but testified that he offered to pay the appellee therefor and the latter refused to accept anything because of favors he had received from appellant.

Appellant had become surety upon a bond for appellee at one time and seemed to be apprehensive that he would be held liable thereon for some default of the principal. On cross-examination of appellant the court permitted counsel to ask him if he did not, upon an occasion properly identified, state to appellee that he would pay him what he owed him if the latter would satisfy him (appellant) that there was no liability on the bond. It is insisted that there was error in this action of the court, because the statement was made in an attempt to effect a compromise. Appellant

had testified generally that any offer of payment he made was for the purpose of avoiding litigation, and not because he was indebted.

The evidence complained of does not seem to bear any indications of an overture of pacification. The offer was not to pay a sum to avoid controversy, but to pay what appellant "owed," if he could be assured that he would not be held for anything as surety upon the bond. A party can not render an admission incompetent by testifying that he intended it to bring about a compromise, unless there was in fact an honest controversy between the parties and a treaty pending or proposed to settle it without resort to litigation. There was no error in the admission of the evidence.

Complaint is next made of the giving and refusal of certain instructions, but the point is made upon the other side that the instructions are not in the record. What purports to be the instructions given and refused, with exceptions entered upon the margin, duly dated and signed, were copied into the transcript by the clerk. They were not made part of the record by bill of exceptions, and it does not appear that they were filed. It is well settled under our practice act that instructions can not be brought into the record without a bill of exceptions, unless it affirmatively appears that they were filed. *Clanin* v. *Fagan*, 124 Ind. 304; *Butler* v. *Roberts*, 118 Ind. 481; *Fort Wayne, etc., R. W. Co.* v. *Beyerle*, 110 Ind, 100; *Childress* v. *Callender*, 108 Ind. 394; *Landwerlen* v. *Wheeler*, 106 Ind. 523.

Filing, in this connection, means more than the stamping or endorsement of the file-mark upon the instructions by the clerk. The attention of the court should be called to the filing, and the filing minuted in the court docket, and be made to appear as part of the court proceedings in the order-book.

The instructions in this case are not before us.

The judgment is affirmed.

Filed Feb. 19, 1892.