St. Louis Southwestern Railway Company v. T. T. Smith.

Decided November 14, 1903.

**1.—Negligence—Definition in Charge.**

A charge defining negligence as "the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances, or doing what such a person under the existing circumstances would not have done," does not present reversible error in the absence of request for a more explicit and accurately worded definition.

**2.—Evidence—Admission—Claim for Damages.**

In an action of damages against a railroad company for injury to cattle during shipment, plaintiff's claim for the damages as originally presented, in a sum less than sued for, and at a time when no controversy had arisen as to the amount of defendant's liability, can be given in evidence against him as an admission, and a ·charge that the jury should not consider it, if it was an offer to compromise, was uncalled for and erroneous.

**3.—Live Stock Shipment—Measure of Damages.**

In an action of damages for injuries to stock ·in transit to market it was error for the court to charge that the jury, in estimating the damages, should first determine what was the reasonable value of the stock in the market at the time they should have arrived, "without reference to the injury or damage sustained by them," and from this deduct their value in the condition in which they did arrive, as this would allow plaintiff damages for such injuries as were necessarily received by the stock in transit.

Appeal from the County Court of Taylor.    Tried below before Hon. D. G. Hill.

*J. M. Wagstaff,* for appellant.

*Bowyer & Tillett,* for appellee.

SPEER, Associate Justice.—Upon the trial of this cause, which was an action to recover damages for injuries to a car of horses occasioned by the negligence of appellant, the court defined negligence to be "the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done." To this charge the first error is assigned.

While we are not disposed to sanction the use of the words "a reasonable and prudent person," rather than the often approved expression "a reasonably prudent person," in defining negligence, yet in view of some of the decisions we are not prepared to hold the same in this instance to be reversible error, especially when the entire definition is read and the failure of appellant to request a more specific instruction is considered. See Houston & T. C. Railway Co. v. Oran, 49 Texas, 341; Fort Worth & D. C. Railway Co. v. Partin, 32 Texas Civ. App., —, 8 Texas Ct. Rep., 266; Texas & P. Railway Co. v. Curlin, 36 S. W. Rep., 1003; San Antonio & A. P. Railway Co. v. Safford, 48 S. W. Rep., 1105; Texas & N. O. Railway Co. v. Black, 44 S. W. Rep., 673. Be-

sides, if the charge was not as clear and explicit as appellant desired, it should have requested a better one.

The judgment must, however, be reversed for errors appearing in other portions of the charge. Upon the effect to be given by the jury to a certain written claim for damages presented by appellee, the court charged as follows: "You are further charged that if you should find from the evidence that the claim put in to the defendants for damages was in the nature of a compromise and settlement of his claim for damages, and not as a true and correct amount of damages for the damages sustained by reason of said shipment, then the plaintiff is not bound by said claim as amount of his damages, and you will not consider it for that purpose."

Appellee caused to be made a detailed statement of the injuries inflicted upon his stock and the amount of his damages in consequence, and presented the same to the Texas & Pacific Railway Company, one of the defendants in this suit. This was done at a time, it seems, when there had been no negotiations pending between the parties looking to a settlement, and the amount then claimed, $95.00, purported to be the entire amount of his damages. Although the appellee then and at the time of trial denominated the transaction an offer to compromise, it does not appear to have been such. As said in an Indiana case: "A party can not render an admission incompetent by testifying that he intended it to bring about a compromise, unless there was in fact an honest controversy between the parties and a treaty, pending or proposed, to settle it without resort to litigation." Steeg v. Walls, 30 N. E. Rep., 312; Hood v. Tyner, 28 N. E. Rep., 1033. The evidence was competent as tending to contradict appellee's statements as to the extent of the injuries received and the amount of damages he had sustained. Fort Worth & D. C. Railway Co. v. Leek, 30 Texas Civ. App., 426, 70 S. W. Rep., 456. And, being admissible, it was an invasion of the province of the jury for the court to say the evidence should have this or that effect. The jury, and not the court, should say whether, considering appellee's other testimony explaining that the injuries to his stock had not developed at that time, his admissions were binding upon him, since, as we think, the evidence was more in the nature of an admission of fact than of an offer to compromise. Compromise involves the idea of making a concession for the sake of peace, but rendering a statement of one's injuries with a demand for the utmost farthing is quite another thing.

Again, the court used the following language in his charge upon the measure of damages: "7. You will first determine from the evidence what the reasonable value of said stock was in the market at Dyersburg, Tenn., at the time they would have arrived by the usual and customary time taken to transport said stock from Abilene, Texas, to Dyersburg, Tenn., without reference to the injury or damage sustained by them, if any. 8. You will then find from the evidence the reasonable value of said stock in the market at Dyersburg on the date of their arrival in

their injured and damaged condition, if you should find that any of said stock were killed, injured and damaged in value, caused by the negligence and carelessness as alleged in plaintiff's pleadings, and if this last amount is less than the value found under the preceding subdivision number 7 of this charge, such difference, if any in said amounts, will be the amount of your verdict for the plaintiff, if you should find for the plaintiff."

Appellant complains that under this instruction the jury was authorized to allow appellee damages for the injuries necessarily received by his stock in transit, irrespective of the carrier's negligence, and the contention is not without merit. This, of course, was not in the trial court's mind, but the charge was well calculated to mislead the jury. The jury should have been instructed to determine from the evidence in the first place what the reasonable market value of appellee's stock would have been in the market at Dyersburg, Tenn., at the time, and in the condition they would have arrived, but for the negligence of the defendants, if any, and then as directed in the eighth subdivision above quoted.

For these errors the judgment is reversed and the cause remanded.

*Reversed and remanded.*