### TEXAS & PACIFIC RAILWAY COMPANY v. J. Y. STEWART.

#### Decided December 5, 1908.

**1.—Carrier—Shipment of Live Stock—Liability—Charge.**

In a suit against a railroad company for damages to a shipment of cattle, a charge which imposed upon the company the duty without qualification of delivering said cattle in good condition, was reversible error. The duty of a carrier in this respect is only to use ordinary care and diligence, and the plaintiff must prove negligence.

**2.—Same—Damage—Evidence.**

It was error in a suit against a railroad company for damages to a shipment of cattle to permit the plaintiff to testify as follows: "I have never seen cattle shipped that were bruised up and butchered any worse than that shipment; that was the worst shipment I have ever known." The material issue was the extent of damage to that particular shipment and not the comparative degree of injury with other shipments.

Appeal from the County Court of Nolan County. Tried below before Hon. Jno. J. Ford.

*Woodruff & Yantis* and *W. L. Hall,* for appellant.

*Beall Bros. & McDugald,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee recovered a judgment against appellant in the County Court for the sum of three hundred and fifty dollars in a suit by him instituted against appellant to recover the sum of three hundred and ninety-five dollars and sixteen cents damages to a shipment of thirty-seven head of cattle from Atlanta, Texas, to Colorado, Texas, with the privilege of the Fort Worth market. It was charged that there was unreasonable delay and unnecessary rough handling which caused the damages alleged. Appellant's defense was that the cattle were weak, poor and diseased, and that appellee was guilty of contributory negligence in loading therewith a vicious horse, from all which the alleged injuries, if any, resulted.

Error is assigned to the court's charge to the jury in that it repeatedly imposed upon appellant the duty to deliver the cattle at Fort Worth, Texas, "in good condition." We quote the following from the court's charge: "In this connection, I charge you, gentlemen, that it was the duty of the defendant, the Texas & Pacific Railway Company, if you should find from the evidence that it received said car of cattle for shipment at Atlanta, Texas, to load out and transport same within a reasonable time, and to transport the same to their destination with reasonable care, caution and dispatch, and to deliver them at their destination in good condition; and if they failed to do so, and handled such cattle in such a manner and delayed them while in transit, as to injure their salable condition and to depreciate their market value, then the plaintiff would be entitled to recover in whatever amount he may have been damaged by reason thereof.'

It has been more than once decided that a railway company is not absolutely bound to deliver cattle received by it for shipment "in good condition." Its duty in this respect is to use ordinary care and diligence. See Missouri, K. & T. Ry. Co. v. Garrett, 39 Texas Civ. App., 246; St. Louis S. W. Ry. Co. v. Smith, 33 Texas Civ. App., 520. The charge quoted, in imposing delivery in good condition without qualification, ignored a necessary element of appellee's right of recovery, to wit, proof that the appellant company was guilty of negligence in the transportation; and the erroneous idea conveyed in the section of the charge quoted is repeated more than once in subsequent portions. We think the errors in the charge thus pointed out require a reversal of the judgment.

Without determining whether it should cause a reversal of the judgment, we wish also to express our disapproval of the court's ruling in permitting appellee to testify over appellant's objection that: "I have never seen cattle shipped that were bruised up and butchered any worse than that shipment was. That was the worst shipment I have ever known." The material issue before the jury on this point was to what extent were appellee's cattle really damaged in the shipment under consideration, and not the comparative

degree of injury with other shipments. Besides, the injuries of the cattle in other shipments to which the witness referred were not detailed by him, and there was no proper basis for appellee's opinion if otherwise admissible. We think that the evidence was harmful in its nature and should not be again permitted.

For the error in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*