AETNA INSURANCE COMPANY OF HARTFORD V. R. O. BRANNON.

Decided January 13, 1909.

1.—Continuance.

Application for continuance held properly refused when the fact expected to be proved by the absent witness was testified to by him in depositions previously taken and used on the trial, though it was claimed that by his personal attendance his testimony could be made more specific, and it was now controverted by a witness who had not been asked about the matter on a former trial.

2.—Insurance—Location of Property—Charge.

Instructions in an action on a fire insurance policy presenting the defense of misrepresentations by insured as to the building in which the property was located, held sufficient to justify the refusal of a more specific requested instruction on the same point.

Appeal from the County Court of Bastrop County. Tried below before Hon. Paul D. Page.

A former judgment of recovery by plaintiff was reversed on appeal and the cause remanded (91 S. W., 614), after questions certified therein had been answered by the Supreme Court (Aetna Ins. Co. of Hartford v. Brannon, 99 Texas, 391).

*Wm. Thompson, A. H. McKnight* and *Fowler & Fowler,* for appellant.—The suit being based upon a contract of insurance, the defendant was entitled to have the jury instructed as to the elements necessary to make such a contract. Hartford Fire Ins. Co. v. Trimble, 78 S. W., 462; Ostrander on Fire Insurance, 23-27; Kerr on Insurance, 57, 58.

It was necessary that the minds of the parties meet upon the location of the property in order to make a contract of insurance. Aetna Ins. Co. v. Brannon, 89 S. W., 1057.

*J. S. Jones* and *Dyer Moore,* for appellee.

FISHER, CHIEF JUSTICE.—The nature of this case and the questions involved are fully stated in the former opinions of this court and of the Supreme Court. On the trial in the court below, verdict and judgment were in appellee's favor for the value of the grain and hay destroyed. In addition to the disposition made of the questions

disposed of in the former appeal, there are two points raised in the present case which in our opinion require notice.

In the third assignment of error it is complained that the trial court erred in refusing to permit the defendant to withdraw its announcement of ready for trial, and refusing to continue the case on account of the want of certain testimony of A. B. McLavy, the agent of the appellant, who executed the contract of insurance sued upon. The object of such proposed testimony was to contradict the plaintiff, R. O. Brannon, wherein he testified as follows: "After my father saw McLavy about issuing the policy and before the policy was issued, I saw Mr. McLavy over at the negro cabin, or old kitchen, measuring it with his walking stick. He measured around the side of the building and up the walls." The negro cabin, or old kitchen, here mentioned was the building in which was stored the corn and hay at the time of its destruction by fire. Appellant's bill of exception, as set out in its brief, states in effect that McLavy would have testified that he did not measure the negro cabin, or old kitchen, but that he in fact measured a different building, known as the crib. McLavy had testified in the case by deposition and had stated, in effect, that he did measure the crib but did not measure the cabin; or, in other words, that he was not at or near the cabin, or old kitchen, between the time that the negotiations for the contract of insurance were entered into and the issuance of the policy. It is contended by appellant that McLavy could make his testimony more specific upon this point if the case had been postponed or continued for the purpose of procuring his additional evidence. It is further contended in this connection that plaintiff Brannon had testified on the previous trial and had never before mentioned the fact that he saw McLavy measuring the cabin, or old kitchen. In this connection the plaintiff states that the reason he did not testify to the same fact upon previous trials was because he had never been asked the question.

We are of the opinion that there was no error in the action of the trial court in refusing to continue the case for the reasons suggested. McLavy had substantially testified to the identical fact that the appellant desired to prove by him, that is, the fact that he had not measured the old kitchen. We do not see how he could possibly hardly make it any more specific; but, however, if he could make it more specific, it is clear that the jury had before them his evidence substantially to the effect that he had only measured the crib, and that was the building in which he supposed and believed the corn and hay were situated. With the testimony in this condition it would be an extreme view to expect that the jury would have found differently, although McLavy, if present, would have again in effect testified that Brannon's testimony was not true; that as a matter of fact he did not measure the old kitchen. Furthermore, Brannon's testimony was admissible for the purpose of denying the facts testified to by McLavy in his deposition, and the mere fact that he had not so testified on the previous trial would not have been ground sufficient upon which to base a continuance especially when his evidence was merely in contradiction of the fact that McLavy had substantially testified to.

The other question suggested arises under the eighth assignment

of error. It was the failure or refusal of the court to give the charge requested as there set out. It would have been proper for the court to have given this charge if it had not in its main charge instructed the jury as follows: "If you believe from the evidence that at the time the plaintiff R. O. Brannon acting through his agent, J. L. Brannon, applied to defendant's agent, A. B. McLavy, for insurance on said corn and hay, plaintiff's agent, J. L. Brannon, stated to A. B. McLavy, the agent of defendant, that said corn and hay was situated in the building described in the policy of insurance sued upon, which was a certain log crib, and not in the building which was destroyed by fire, and which was known as the old kitchen, you will find for defendant." The charge requested is a little more broad and comprehensive than the charge quoted as given, but when we narrow the question down to the particular fact that the agent claimed influenced him in writing the contract of insurance, the charge as given by the court practically and substantially presented the appellant's defense as it arose under the evidence. The issue was whether the agent McLavy in writing the policy made a mistake in describing the building in which the property was situated. The policy as written described the corn and hay as located in the crib. The appellee contends that this was a mistake of the agent, that the corn and hay was actually located in the negro cabin, or old kitchen, and that the agreement between him and the agent of the insurance company was that the insurance policy should insure and cover the property as thus located. Plaintiff effected the insurance through his father, who acted as his agent, and it was testified by the plaintiff's father that he instructed and agreed with the insurance company, through the agent, McLavy, that the policy should be issued to cover the property located in the old cabin, or kitchen. McLavy testified that no such instruction was given him; that plaintiff's father instructed him and so agreed with him, to insure the property as located in the crib, and that in obedience to that instruction he wrote the policy as it was written, describing the property as located in the crib. This point was directly called to the attention of the jury by the general charge of the court as quoted. It instructs the jury that if the plaintiff, through his agent, stated to McLavy, the agent of the defendant, that the corn was situated in the building described in the policy, then to find for the defendant. That was in keeping with the contention of the Insurance Company as arose from the evidence of the witness McLavy that there was no mistake made by McLavy, that he wrote the policy as instructed by the plaintiff's agent, who informed him that the property was located in the crib. The charge gave the Insurance Company the full benefit of this defense, and the identical point being specifically covered, there was no error in the court's refusing the special charge requested.

Without discussing the remaining assignments they are all overruled.

We find no error in the record and the judgment is affirmed.

*Affirmed.*