## T. J. FREEMAN, RECEIVER, v. S. T. CAIN.

Decided December 21, 1910.

**Carriers—Live Stock—Negligence—Charge.**

A recovery for injuries to a horse transported by rail is reversed for failure to give a requested instruction relieving defendant from liability if it exercised ordinary care and dispatch in the transportation, the evidence failing to show that the animal was injured when delivered and the injuries shown when it reached a livery stable at the place of destination being such as might have been incurred in taking it to the stable, as to which there was no proof.

Appeal from the County Court of Travis County. Tried below before Hon. R. E. White.

*S. R. Fisher, S. W. Fisher,* and *King & Morris,* for appellant.

*Dickens & Dickens* and *Miles H. Hill,* for appellee.

KEY, CHIEF JUSTICE.—This is a suit by appellee against appellant as receiver of a railroad, seeking to recover $350, the value of a horse, and $75 paid to a veterinary surgeon for treating the horse.

The defendant answered by general and special demurrer, general denial and a special plea, alleging, among other things, contributory negligence by the plaintiff. There was a jury trial which resulted in a verdict and judgment for the plaintiff for the full amount sued for.

Testimony was submitted showing that the animal was delivered to the defendant in good condition at Austin, Texas, and that the defendant, for an agreed consideration, undertook to transport it to San Antonio, Texas. The animal was shipped to San Antonio, and when it reached a certain livery stable in that city it had sustained certain serious physical injuries, which the testimony shows had been recently inflicted. Appellant submitted testimony tending to show that there was no unreasonable delay nor rough handling while the horse was in his custody. The animal was not carried to the livery stable by the defendant or anyone representing him. On the contrary, the proof shows that it was carried there by an employee of the stable. The employee referred to did not testify in the case, and the testimony fails to show what condition the animal was in when he received it from the defendant. The distance from the railroad to the stable was not shown, nor was it shown how long the horse was in the possession of the boy who carried it to the stable. The animal may have proved refractory and difficult to lead, and the boy may have clubbed it with a stick or some other hard substance, and inflicted all of the injuries disclosed by the testimony. At any rate it was not shown that the horse was injured when it left the defendant's custody. However, we do not reverse the case on that point, because it is not presented in appellant's brief; and the condition of the testimony is referred to only for the purpose of showing that the verdict of the jury may have resulted from a misapprehension of the law applicable to the case.

The charge of the court did not, in specific terms, advise the jury as to the only grounds upon which the plaintiff could recover. It defined negligence, and then, in substance, instructed the jury, if they found that the injuries to the animal were caused by the negligence of the defendant and not contributed to by the negligence of the plaintiff, to return a verdict for the plaintiff. In no place did the court advise the jury as to the extent and limit of the defendant's obligation arising out of the contract to transport the animal; nor were they told that if they failed to find that the injuries to the animal were caused by the defendant's negligence, to return a verdict for the defendant. In view of the testimony upon which the case was submitted, and the omissions pointed out in the court's charge, we sustain the fourth assignment of error and reverse the case because of the refusal of the trial court to give the following special charge requested by appellant:

"You are instructed that a common carrier is not an insurer of the stock transported by it, but is bound only to transport the stock delivered it with ordinary care and dispatch, and if you find from the evidence that plaintiff's mare was transported from Austin to San Antonio with ordinary care and dispatch you will return a verdict for defendant, even though you may find from the evidence that plaintiff's said mare sustained some or all of the injuries alleged in plaintiff's petition."

Assignments presenting other questions of law are overruled; and,

for the error referred to, the judgment is reversed and the cause remanded.

*Reversed and remanded.*