GULF, C. & S. F. RY. CO. v. HELMS BROS.
(No. 6073.)

(Court of Civil Appeals of Texas. Austin. March 26, 1919.)

1. TRIAL ☞169 — DIRECTION OF VERDICT — DEFECT IN PARTIES PLAINTIFF.

It was no ground for peremptory instruction to return verdict for defendant that claim sued on in name of firm belonged to members jointly that one was dead, having left an estate, a widow, and two minor children, and that no administration had been had, while neither his heirs nor legal representatives were made parties plaintiff.

2. CARRIERS ☞229(1) — CARRIAGE OF LIVE STOCK—INJURIES IN TRANSIT—ELEMENTS OF DAMAGE.

In action against carrier for damages to mules in transit, cost of feed and care after injury, and price afterwards received for them at a point other than destination, had no proper place in applying the true measure of damages.

3. CARRIERS ☞228(1) — CARRIAGE OF LIVE STOCK—DAMAGES—SHOWING OF VALUE AFTER INJURIES.

In action against carrier for damages to mules in transit, there having been intrinsic value of the mules at destination after injuries, it should have been shown what the value was before damages could have been legally awarded.

4. CARRIERS ☞205 — CARRIAGE OF LIVE STOCK—LIABILITY FOR INJURIES—PROPENSITIES OF ANIMALS.

A carrier is not an insurer in the transportation of live stock, and is liable only for in-

juries caused by its negligence, not being legally responsible for injuries resulting from the natural vice or the nature and propensities of the animals carried.

5. CARRIERS ⚚228(5) — CARRIAGE OF LIVE STOCK — INJURIES — SUFFICIENCY OF EVIDENCE.

In action against carrier for injuries to mules in transit, evidence, though it did not show the injuries were due to the propensities of the animals, etc., *held* insufficient to sustain verdict for plaintiffs.

6. CARRIERS ⚚230(9) — CARRIAGE OF LIVE STOCK—ACTION FOR INJURIES—INSTRUCTION.

In action against carrier for injuries to mules in transit, instruction that common carrier is not an insurer of live stock received by it for transportation, but responsible only if careless and negligent, etc., *held* improper, on account of the use of the word "careless."

7. CARRIERS ⚚228(5) — CARRIAGE OF LIVE STOCK—NEGLIGENCE—BURDEN OF PROOF.

In action against carrier for injuries to mules in transit, plaintiffs were not required to prove negligence to the satisfaction of the jury, but only by a preponderance of the evidence.

8. CARRIERS ⚚230(9) — CARRIAGE OF LIVE STOCK—ACTION FOR INJURIES—INSTRUCTION.

In action against carrier for injuries to mules in transit, carrier was entitled to charge that a common carrier is not an insurer of live stock received for transportation, but liable only for injuries caused by its own negligence.

9. CARRIERS ⚚229(2) — CARRIAGE OF LIVE STOCK—INJURIES IN TRANSIT—MEASURE OF DAMAGES.

Measure of damages for injuries to mules by negligence of carrier in transit is difference between their market value at destination, if transported without negligence, and their real and intrinsic value at destination in the condition in which they were delivered; the evidence being there was no market value for injured stock at destination, but that mules had an intrinsic value.

10. CARRIERS ⚚230(9) — CARRIAGE OF LIVE STOCK — ACTION FOR INJURIES — INSTRUCTION.

In action against carrier for injuries to mules in transit, instruction presenting issue of carrier's negligence in not preventing injury to mules caused by proper vice or propensities of animals *held* unsupported by evidence.

Appeal from Bell County Court; M. B. Blair, Judge.

Suit by Helms Bros. against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiffs, defendant appeals. Reversed, and cause remanded.

W. W. Hair, of Temple, and Terry, Cavin & Mills and Frank J. Wren, all of Galveston, for appellant.

BRADY, J. Appellees sued appellant for damages arising out of a shipment of mules from Temple to Ft. Worth, Tex., alleging delivery of the mules to appellant in good order, and arrival of the mules at destination with certain injuries to some of the live stock, and alleging generally negligence of the carrier. The trial was before a jury, and the case was submitted upon a general charge of the court, resulting in verdict and judgment for appellees for the sum of $300.

The first assignment of error complains of the refusal of the trial court to give a special charge peremptorily instructing the jury to return a verdict for appellant. The assignment presents several reasons why such peremptory instruction should have been given. The first point is that the claim sued on belonged to S. D. Helms and E. M. Helms jointly, and that S. D. Helms is dead, having left an estate, a widow, and two minor children, and that no administration has been had, nor were his heirs or legal representatives made parties plaintiff.

[1] This claim was urged below by plea in abatement, the facts being admitted by appellees, but the plea was overruled by the trial court. No error is assigned in the briefs to this action of the court, appellant having saved the point only by the objection to the court's refusal to peremptorily instruct for appellant. We are of the opinion that, if there were any merit in the point, it was no ground for a peremptory instruction.

The other points involved in this assignment are to the effect that appellees did not allege or prove negligence by appellant causing the alleged injuries, and further, because of the allegations of the petition in reference to market value at destination, and the want of proof that the injured mules had a market value at Ft. Worth, or any intrinsic value after the injuries.

We think these several grounds are without merit. Appellees alleged negligence generally, and the proof of the nature of the injuries to some of the mules, although slight, was sufficient to raise an issue of fact to go to the jury upon the question as to whether the injuries were caused by the inherent nature or propensities of the animals, or by some character of negligence on the part of appellant. While not sufficient to support a verdict, the state of the proof was not such as to entitle appellant to a peremptory instruction.

[2, 3] The same may be said as to the allegations and proof on the question of market and intrinsic value. The evidence was undisputed that the injured mules had no market value in Ft. Worth, and there was evidence tending to show the intrinsic value of such mules at destination after the injuries. However, it must be conceded that this proof is very unsatisfactory, and in-

---

volves elements which have no proper place in the application of the true measure of damages, such as the cost of feeding and caring for the mules while injured, and the price afterwards received at Temple. There being an intrinsic value at Ft. Worth after the injuries, it should be shown what that value was before damages could be legally awarded. The first assignment will be overruled.

[4] By the second assignment of error appellant complains that the verdict of the jury is contrary to the law and evidence, and that there is no evidence to sustain it. The doctrine is invoked that a carrier is not an insurer in the transportation of live stock, and is liable only for injuries caused by its negligences, not being legally responsible for injuries resulting from the natural vice or the nature and propensities of the animals themselves. This rule seems to be supported in the following cases: Ft. W. & D. C. Ry. v. Berry, 170 S. W. 125; Freeman v. Cain, 63 Tex. Civ. App. 403, 133 S. W. 894; St. L. & S. W. Ry. v. Lewellen, 116 S. W. 116; M., K. & T. v. Lewellen, 111 S. W. 773; T. & P. v. Stewart, 52 Tex. Civ. App. 514, 114 S. W. 413; Ft. W. & D. C. v. Lock, 30 Tex. Civ. App. 426, 70 S. W. 457; Ry. Co. v. Smith, 33 Tex. Civ. App. 520, 77 S. W. 28; Railroad Co. v. Hunter, 47 Tex. Civ. App. 190, 104 S. W. 1075; Railway Co. v. Snyder, 86 S. W. 1041.

In this case it appears that the shipment was accompanied by a caretaker, the agent and representative of appellees. He was a witness on the trial, and, while testifying to the injuries to some of the stock, he did not testify to any delays in transportation, nor to any rough or improper handling of the stock in transit, nor to anything positively showing the failure of appellant to exercise ordinary care in transporting the shipment. The railway company showed by two witnesses, the conductors who handled the shipment, that the freight was transported with due dispatch, and without any rough handling or switching, in a standard car, in good condition, and of the dimensions and specifications required by appellees; that there was no complaint by the caretaker, and no accident or unusual occurrences on the run from Temple to Ft. Worth.

[5] In view of this state of the evidence, we are of the opinion that the verdict and judgment were against the overwhelming weight of the evidence, and should not be permitted to stand. We cannot say that the nature of the injuries to the live stock was such as to justify the presumption that they were inflicted by reason of the natural propensities and habits of the animals, but the evidence on this point was sufficient to raise an issue of fact for the jury. However, the verdict is so manifestly against the great weight of the evidence that the trial court should have set the same aside and ordered a new trial. For this reason, the second assignment is sustained.

We overrule the third assignment of error, which complains of the court's refusal to give appellant's requested special charge No. 7. In view of the state of the evidence, we do not think the charge as framed should have been given, because, assuming the exercise of care by the carrier in transporting the animals, the proof did not justify an instruction to the jury that the injuries would be attributable solely to the inherent nature or proper vice of the animals, and that the plaintiffs should not recover against appellant.

[6-8] We will next consider the fourth assignment of error, which complains of the refusal of the trial court to give the following special charge requested by appellant:

"You are instructed that a common carrier is not an insurer of live stock received by it for transportation, but is only responsible to the plaintiff for injuries, if any, which may have been occasioned by its own negligence, in the transportation of said stock and in this case you are charged that unless the plaintiff has proved to your satisfaction by a preponderance of the evidence that the defendant was careless and negligent in the handling of said stock and the transportation of same, then you will find for the defendant."

The court nowhere instructed the jury on the issue embodied in this requested instruction. We think appellant was entitled to a charge substantially as requested, but the instruction as framed is improper because of the use of the word "careless," and also for requiring the jury to find that the plaintiffs had proved negligence to its satisfaction.

Appellant's fifth assignment of error involves an attack upon the entire charge of the court in certain particulars, some of which have been disposed of by what has been said above.

[9] We think the objection to the court's charge on the measure of damages, in the light of the evidence, is well taken. The true measure of damages is the difference between the market value of the injured stock at Ft. Worth, had the same been transported without negligence by the carrier, and their real, and intrinsic value at Ft. Worth in the condition in which they were delivered; the evidence being to the effect that there was no market value for injured stock at destination, but that they had an intrinsic value. Probably the court intended to submit this standard in paragraph 10 of the charge, but the measure might easily have been more clearly stated in accordance with the rule above announced.

[10] The criticism of paragraph 8 of the court's charge is also justified. There was no evidence to show that the carrier was negligent in not preventing loss or injury to the mules caused by the proper vice or propensities of the animals. It was not shown that the railway company had any notice that the animals would suffer injury because of their

inherent vice or nature, which might have been prevented by the use of ordinary care on the part of its employés, and therefore this was not made an issue by the proof.

For the error of the trial court in refusing to set aside the verdict and grant a new trial, the judgment will be reversed and the cause remanded.

Reversed and remanded.