For the error indicated, the judgment of the lower court is reversed, and the cause remanded for another trial.

---

GULF, C. & S. F. RY. CO. v. HELMS BROS. (No. 6074.)

(Court of Civil Appeals of Texas. Austin. April 2, 1919.)

1. TRIAL ☞194(20)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In action for damage to mules in transit, instruction that measure of damage would be reasonable value of mule killed, if killed by negligence of railroad, and, as to mules receiving injury, would be difference in market value at destination immediately before and immediately after injuries, held on weight of evidence as making railroad liable if mules were injured without reference as to whether or not through road's negligence.

2. CARRIERS ☞229(2)—LIVESTOCK—INJURIES IN TRANSIT—MEASURE OF DAMAGES.

The measure of damage for injury to live stock in transit is the difference between the market value of the animals at the point to which they were shipped, if they had arrived without injury, and such value in the condition in which they did arrive, provided such market value is alleged and proved.

3. TRIAL ☞252(1)—INSTRUCTION—BASIS IN EVIDENCE.

It is error to submit an issue which finds no basis in the evidence.

Appeal from Bell County Court; M. B. Blair, Judge.

Action by Helms Brothers against the Gulf, Colorado & Santa Fé Railway Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

W. W. Hair, of Temple, and Terry, Cavin & Mills and Frank J. Wren, of Galveston, for appellant.

JENKINS, J. This is a companion case to G., C. & S. F. Ry. Co. v. Helms Brothers, 210 S. W. 853, decided by this court at its last sitting, and will be reversed for reasons stated in said opinion.

With the exception of the fact that the evidence in this case shows that one of the mules was dead upon the arrival of the car at Ft. Worth, the testimony is practically the same; and, with the exception of that portion of the charge relating to the dead mule, the charge of the court is the same as in the case above referred to.

[1] The court erred in giving the following charge with reference to the measure of damage:

"You are charged that the measure of damage in this case, if any, would be the reasonable market value of the mule killed, if you find he was killed by the negligence of the defendant, not to exceed $150; and as to the mules receiving injury, if they did receive injury, would be the difference in the market value at Ft. Worth, Tex., of said mules immediately before and immediately after such injuries, if such injuries occurred, and not to exceed $125."

This charge is upon the weight of the evidence, in that it makes the appellant liable if the mules were injured, without reference as to whether or not the same occurred through the negligence of appellant.

[2, 3] It will be noted that the charge does not state at what place the jury should find the market value of the mule that was killed. The language with reference to the market value of the injured mules is not apt; the measure of damage in such case is the difference between the market value of the animals at the point to which they were shipped, if they had arrived without being injured by the negligence of the railroad, and such market value in the condition in which thel did arrive, provided such market value is alleged and proved. In this case there was no proof as to the market value of the mules at Ft. Worth. It is error to submit an issue which finds no basis in the evidence.

The finding of the jury that the dead mule was killed by the negligence of appellant has no more than a scintilla of support in the evidence. The practically uncontroverted evidence was that this mule died from acute indigestion (colic) occasioned by eating oats prior to its coming into the possession of appellant.

For the reasons stated, the judgment of the trial court is reversed, and this cause is remanded.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes