The statement of the nature and result of the suit by appellant is accepted by appellees, and is correct, except that plaintiffs, by supplemental petition, alleged under oath that the written contract set up by appellant was without consideration. The statement by appellant is as follows:
"This suit was filed by appellees, Fisher and McFatter, in the County Court of Hamilton County, on April 25th, 1895, against appellant, Texas Central Railroad Company, and the Texas Pacific Railway Company and Southern Pacific Railway Company, and is a suit to recover damage against the three roads mentioned upon the ground that the appellant Texas Central Railroad Company promised and agreed to furnish to plaintiffs, at Hico, Texas, in said Hamilton County, by the 12th day of December, 1894, a car suitable for the shipment of poultry, and that in making said contract the defendant Texas Central Railroad Company acted for itself and as the co-partner, agent and representative of the other two roads, and that all of said companies were co-partners in the shipment of said poultry and the freight charges paid therefor. Plaintiffs claimed that they relied upon the alleged promise to furnish said car, and bought up and had ready for shipment a large number of poultry, consisting of turkeys and chickens, about nine hundred head, and which were intended for shipment to San Francisco, California, on said 12th day of December, 1894, but that, through the alleged negligence of the said Texas Central Railroad Company, the car was not furnished according to contract, nor until the 16th day of December, 1894, whereby the plaintiffs were greatly hindered and delayed in making the shipment of their poultry; that when said poultry did arrive at their destination in San Francisco the price of same had greatly depreciated from what plaintiffs would have received had said poultry arrived in San Francisco at the time calculated by plaintiffs, by reason whereof plaintiffs claim damage in the sum of four hundred dollars; that the car *Page 65 
furnished by the said Texas Central Railroad Company was not of the full dimensions contracted for by the plaintiffs and was not suitable for the shipment of poultry, by reason whereof they were compelled to leave a large number of poultry, to-wit, one hundred head, at Hico, which plaintiffs were afterwards compelled to sell at a great loss, whereby they were damaged in the further sum of one hundred dollars, and that by the negligent delay of the Texas Central Railroad Company in furnishing said car to the plaintiffs, plaintiffs were compelled to keep, feed and attend to said poultry in Hico, Texas, from the 12th day of December, 1894, to the 17th day of December, 1894, to plaintiffs' damage fifty dollars; that after the shipment of said poultry from Hico on the 17th day of December, 1894, when the same arrived at Cisco, in Eastland County, Texas, owing to some negligent fault in or oversight by the agents and operators of said defendant, said poultry was delayed for a long time in the town of Cisco, to-wit, seven hours; that said poultry was delayed at various points on the lines of said railroad companies owned by the Texas and Pacific and Southern Pacific to San Francisco, the total delay caused by said defendants being about twenty-two hours, to plaintiffs' damage in the further sum of one hundred dollars, making a total sum of six hundred and fifty dollars sued for by the plaintiffs.
"All of the defendants were duly cited, but the defendant Texas Central Railroad Company alone appeared and defended the suit, filing general demurrer and general denial, and specially pleading the contract set forth in the bill of lading attached to and made a part of defendant's answer, alleging among other things that the agent had no power or authority to waive the conditions in said contract; that by the terms of said contract the defendant was released from all liability on account of any failure or refusal to furnish cars within any specific time, and setting up specially that the shipment was interstate, and by the terms of the contract the defendant was not to be liable beyond the end of its line, to-wit, the town of Cisco, Texas, where the poultry were delivered to connecting carrier, as fully appears in said answer.
"The case came on for trial at the October term, 1895; and a jury being waived, the cause was submitted to the court, and judgment rendered against the Texas Central Railroad Company for four hundred and eighty-seven dollars, with interest and costs of suit, with judgment in favor of the Texas Central Railroad Company over against said other two companies for a like amount; from which judgment the defendant Texas Central Railroad Company appeals, assigns error, and brings the case to this court for revision."
The court below filed conclusions of fact, which are sustained by the evidence as follows:
"1st. I find that on or about the ____ day of _______, 1894, defendant, by its agent, agreed to furnish a poultry car to plaintiffs by the 12th day of December, 1894, for the shipment of poultry to the city of San Francisco, California. *Page 66 
"2nd. That on or about the 5th day of December, 1894, the aforesaid contract was modified, and defendant agreed to furnish a 31 foot stock car and that plaintiffs made coops for the shipment of said poultry.
"3rd. I find that plaintiffs, relying on the promise of defendant, bought a great number of chickens and turkeys, to-wit, ____ hundred head.
"4th. I find that defendant did not furnish a 31 foot car, but a 28 1/2 foot car, by reason of which plaintiff could not ship all of their poultry, and were forced to leave at Hico and ship to other points one hundred head of poultry.
"5th. I find that defendant did not furnish said car until the 16th day of December, by reason of which, together with other unnecessary delays, plaintiffs did not arrive at San Francisco, Cal., until the 24th day of December, 1894, which was too late for the holiday market, on account of which plaintiffs were forced to take four cents per pound less for their said poultry than they would have received if they had been furnished with a car as per contract so that they could have arrived on the 17th day of December, 1894.
"6th. I find from the foregoing facts that the plaintiffs have been damaged in the sum of $478, for which they are entitled to judgment against the defendant Texas Central Railroad Company.
"7th. I find that the delay in furnishing the said car and in not furnishing a car 31 feet long as per contract was caused by co-defendants, and that defendant Texas Central Railroad Company is entitled to have judgment over against said co-defendants for the amount of this judgment.
"8th. I find that the written contract set up by defendant was made without consideration, and is therefore not binding on plaintiffs."
It was also proved by plaintiffs that the written contract set up by defendant was signed by plaintiffs, but the train was about to start with the poultry when the station agent called on plaintiff Joel Fisher, who was on the train going along with his poultry to San Francisco, and told him to sign the contract. He signed it, but did not know at the time what the contract was.
The written contract was attached to defendant's answer, and its execution by plaintiffs was proved, but it does not appear that it was put in evidence by defendant.
Opinion. — The court refused, upon objection, to permit Joel Fisher, one of the plaintiffs, while on the witness stand, to answer the question of defendant if he did not tell S.H. Greenhill, soon after his return from San Francisco, that he lost about $75 on his poultry shipped to said city.
The court also excluded the testimony of S.H. Greenhill that Joel Fisher, soon after his return from California, told the witness that he had lost about $75 on his poultry. *Page 67 
Exceptions were reserved to both rulings of the court, and error is assigned by appellant to the rulings.
The testimony should have been admitted. It consisted of admissions of the party to the suit against his interest. If the admissions were true they may not have controlled the amount of damages sustained, as they would be fixed by the depreciation in the market price of the poultry during the time of delay in arrival at the market, about which plaintiff had testified; but the admissions, in connection with other testimony, were admissible upon that issue. The tendency of the testimony excluded may have been to weaken the effect of plaintiffs' evidence as to loss by depreciation of the market value of the poultry during the delay in arrival at market. The testimony was also of an impeaching character, and should have been admitted on that ground.
If the written contract had been in evidence we could not decide that there was error in the rulings of the court in reference thereto. Railway v. Cocreham, 30 S.W. Rep., 1118; Railway v. Carter, 29 S.W. Rep., 565.
Because of the error above pointed out, the judgment of the lower court is reversed and the cause remanded.
Reversed and remanded.