**N. C. SAWYER, Appellant,**

v.

**George P. WILLIS, Appellee.**

No. 13292.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 19, 1958.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellant.

Geo. P. Willis, El Campo, for appellee.

BARROW, Justice.

This is a suit by appellee, George P. Willis, against appellant, N. C. Sawyer, to recover alleged reasonable attorney's fees for services rendered appellant by appellee in various legal matters. The case was tried to a jury and resulted in a verdict finding that the sum of $750 is a reasonable fee for such services. The trial court rendered judgment for said sum, less $175 which had been paid.

Appellant predicates this appeal upon a single point in which he complains of the action of the trial court in excluding from the evidence a letter written by George P. Willis to N. C. Sawyer, and in instructing

the jury not to consider it. Said letter reads as follows:

"GEORGE P. WILLIS
"Attorney at Law
"El Campo, Texas
December 1, 1955

"Tom Sawyer
"1011 Avenue B
"San Antonio, Texas

"Balance due as per previous statement $107.35

"Although I have never done so in my professional life, unless you pay this bill I intend to sue you."

The record shows that during the spring and summer of 1955 appellee performed certain legal services for appellant. That there was no agreement as to the amount of the fee to be paid for the work. Appellee performed no service for appellant after the month of August, 1955. On December 1, 1955, appellee mailed the above quoted letter to appellant. While appellee was testifying as a witness, appellant offered the letter in evidence. The letter was excluded and the jury instructed by the court not to consider it, on the ground that it constituted an offer of compromise and settlement. In this we think the court committed error.

■ It is settled that an offer of compromise and settlement of a pending controversy is not admissible in evidence. McCormick & Ray, Law of Evidence, 2d Ed., Vol. 2, p. 29, Sec. 1142. However, as to what constitutes an offer of compromise and settlement coming within the rule, in some cases presents no small difficulty, but it is clear that the offer must not represent the party's actual claim, but rather what he is willing to give or take to avoid the annoyance of litigation. Moreover, it seems clear that there must have been a dispute between the parties prior to the making of the offer. In this case the record fails to show any previous dispute. The record shows that appellee rendered the services and sent a bill for his fee and nothing more. The letter on its face shows the amount appellee claimed to be due at that time. The letter does not come within the rule excluding evidence of offers of compromise and settlement. Neither the letter nor the evidence in the case shows that by said letter appellee was making a concession for the sake of peace. Texas Central Railroad Co. v. Fisher, 15 Tex.Civ. App. 63, 38 S.W. 392; Caswell v. Satterwhite, Tex.Civ.App., 277 S.W.2d 237. The evidence proffered was admissible as a statement inconsistent with appellee's position in the case. It was admissible for the purpose of impeachment and was a declaration against interest. St. Louis Southwestern R. Co. v. Smith, 33 Tex.Civ.App. 520, 77 S.W. 28; Fort Worth & Denver City R. Co. v. Lock, 30 Tex.Civ.App. 426, 70 S.W. 456.

■ The proffered evidence, although not conclusive of the issue of the amount of attorney's fees, was relevant and material upon the controlling issue submitted to the jury, and its exclusion was therefore harmful to appellant. Weaver v. Benson, 152 Tex. 50, 254 S.W.2d 95.

The judgment of the trial court is reversed and the cause remanded for a new trial.