Billy Burl CROWDER et al., Appellants,

v.

Grace E. SNORF, Administratrix, Appellee.

No. 10810.

Court of Civil Appeals of Texas.

Austin.

Jan. 25, 1961.

Rehearing Denied Feb. 15, 1961.

William C. McDonald, San Angelo, for appellants.

Sedberry & Williams, San Angelo, for appellee.

ARCHER, Chief Justice.

This suit was instituted by appellee on October 21, 1959 against appellants to recover on a note for $13,500 with interest and attorney's fees; on October 31, 1959 a suit was filed by appellee against the appellants on two $1,500 notes; the causes were consolidated on December 31, 1959 and appellants objected to the order of consolidation.

A jury was impanelled and trial had and, over the objection of appellants, the case was withdrawn from the jury and judgment rendered against appellants.

The appeal is founded on five points assigned as error by the Trial Court in consolidating the two causes, in overruling defendants' special exceptions, in admitting in evidence a letter written by counsel for defendants, in withdrawing the case from the jury and rendering judgment because the evidence raised a fact issue as to how much money the defendants owed on the notes, and finally in refusing to file findings of fact and conclusions of law, having been requested to do so.

We do not believe that the consolidation of the two suits was an abuse of discretion. The parties, plaintiff and defendants, and the subject matter were the same in both suits and were within the discretion of the Trial Court.

Rules 41, 174(a), Texas Rules of Civil Procedure; Reynolds v. Pierce, Tex.Civ. App., 320 S.W.2d 376, affirmed Tex., 329 S.W.2d 76.

Appellants' points Nos. two and three are directed to the action of the court in admitting in evidence a letter written by counsel for defendants concerning the indebtedness. This letter was written on September 1, 1959 and prior to the filing of the suit on October 21, 1959. The letter recited the property owned by Mr. Crowder and set out the indebtedness among which is a note due W. H. Snorf in the sum of $13,000 with no security. The letter stated that Mr. Crowder would pay $250 monthly on the Snorf note and more if he could.

We do not believe that the admission of the letter was improper in this case and that in any event no injury resulted to appellants if the action of the Court in withdrawing the case from the jury be sustained.

As has been stated, the letter was written prior to any controversy or dispute and prior to the institution of the suits and doubtless was for the purpose of showing Crowder's inability to pay the note and suggesting a plan of monthly payments. Counsel for appellants testified concerning the letter and his purpose in writing it.

17 Tex.Jur. 561–563; McCormick & Ray, Law of Evidence 2d Ed., Vol. 3, p. 29, sec. 1142; City of Santa Anna v. Leach, Tex.Civ.App., 173 S.W.2d 193, er. ref., w. m.; Sawyer v. Willis, Tex.Civ.App., 310 S.W.2d 398.

The fourth point is the error of the Court in withdrawing the case from the jury and rendering judgment for plaintiff.

After the parties had rested, appellants made a motion to withdraw the case from the jury and to render judgment that plaintiff take nothing, or in any event for not to exceed $8,500. This motion was overruled. Plaintiff then made a motion for instructed verdict which was overruled. After some discussion the Court withdrew the case from the jury and rendered judgment for plaintiff, to which the defendants excepted and gave notice of appeal.

The court concluded that there was no issue of fact to submit to the jury. In the judgment the following finding is made:

"The Court finds and determines that the record and the evidence herein conclusively show the following; and that there is no substantial evidence to the contrary:

"1. The three notes described and set forth in Plaintiff's First Amended Original Petition herein were given for money borrowed by Defendants from William A. Snorf, one and the same person as W. A. Snorf; two of said notes being in the principal amount of One Thousand Five Hundred Dollars ($1,500.00) each; and the other being in the principal amount of Thirteen Thousand Five Hundred Dollars ($13,-500.00); the only payment ever made thereon being the only payment ever made on the principal of said indebtedness was a payment of Three Thousand Five Hundred Dollars ($3,500.00), which the Court finds should be credited on the said Thirteen Thousand Five Hundred Dollar ($13,500.00) note; the first One Thousand Five Hundred Dollar ($1,500.00) note was due and payable June 12, 1955; and the second One Thousand Five Hundred Dollar ($1,500.00) note was due and payable October 7, 1955; and the unpaid principal balance of Ten Thousand Dollars ($10,000.00) on the Thirteen Thousand Five Hundred Dollar ($13,500.00) note was due and payable January 23, 1958."

Further findings were that the note dated April 12, 1955 and due June 12, 1955 was barred by the four year statute of limitation and denied recovery thereon.

Judgment was rendered for $13,416.80 to include $10,000 on the $13,500 note and $1,500 on the $1,500 note held to be not barred by limitation, interest and attorney's fees.

Appellants contend that there were at least two issues of fact for the jury's determination, i. e., how much did defendants owe, and whether the letter was in effect an offer to compromise.

Appellee takes the position that there was no evidence as to the amount of the indebtedness other than the notes and that appellants do not point out any evidence raising a fact issue, all of the evidence showing that appellants were indebted to appellee as set forth in the judgment.

Appellants paid $3,500 on the principal of the three notes, one for $13,500 and two for $1,500 each. Appellee admits this payment. The only question was as to which notes should be credited.

The court credited the $13,500 note and found that one of the $1,500 notes was barred by limitation. It is admitted that all interest had been paid to June 1, 1959.

There being no evidence upon which a jury could have made a finding of other payments, the Court did not err in withdrawing the case from the jury and rendering the judgment. The testimony of Mr. Crowder in view of the restriction of the provisions of Article 3716, Vernon's Annotated Civil Statutes called the Dead Man's Statute, was short and did not raise an issue as to the amount unpaid on the indebtedness and there was no issue for the jury to determine. All payments claimed by appellants were allowed and all interest to June 1, 1959 was admitted.

The last payment made by Mr. Crowder was in June, 1959 in the sum of $182.50 which would figure as interest for two months at the rate of 8% on $10,000 and 10% on $3,000.

Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377; Ditto v. Ditto Investment Company, 158 Tex. 104, 309 S.W.2d 219; Fancher v. Cadwell, Tex., 314 S.W.2d 820.

There being no reversible error the judgment of the Trial Court is affirmed.

Affirmed.