**WHEATHEART FEEDERS, INC.,**
**Appellant,**

v.

**Daniel C. PLETCHER, Appellee.**

**No. 8015.**

Court of Civil Appeals of Texas, Amarillo.

April 27, 1970.

Rehearing Denied May 18, 1970.

---

Gibson, Ochsner, Adkins, Harlan & Hankins, and A. B. Hankins, Amarillo, for appellant.

Linn, Helms & Countiss, and Richard N. Countiss, Spearman, for appellee.

JOY, Justice.

This is a suit by appellee as seller for recovery of additional monies claimed due on contract to purchase corn by appellant. Affirmed.

The appellant, Wheatheart Feeders, Inc., is a contract cattle feeder and the appellee, Daniel Pletcher, is a farmer. The parties entered into an agreement whereby the appellee Pletcher contracted to plant 110 to 120 acres of corn ensilage for Wheatheart. Under this contract the parties would try to cut the corn ensilage when it contained 68% to 70% moisture. This moisture content would then be adjusted to 68%. If the moisture content was above 68%, there would be a deduction in the amount of money the farmer would receive; and if the moisture content was below 68%, the farmer would receive a bonus.

Wheatheart Feeders made its payment to Pletcher based on a moisture average of approximately 72%. Appellee then brought this suit alleging that the moisture content was approximately 58%. The cause was tried before a jury which returned a verdict in favor of appellee Pletcher. Appellant Wheatheart Feeders has perfected an appeal to this court on two points of error.

Under its first point of error, Wheatheart Feeders contends that the trial court erred in allowing the witness Bruce Clevenger to answer a hypothetical question based on facts that Wheatheart alleges had not been admitted into evidence. The hypothetical question was long, involved and contained many facts. Quoted below is the hypothetical question, and as the question contains numerous facts, this court has numbered in parenthesis each separate fact:

"Q. As you will recall, I have gone over it with you, as I would any expert witness, and here is the question: I ask you to assume that (1) on August the 25th, 1967, you have a field of (2) K665 Northupking corn ensilage that was planted (3) between April 1st and April the 20th (4) on good fertile soil (5) after the same had been prewatered; that during the growing season, the corn was (6) irrigated three times, (7) the last time being approximately 7 to 10 days before August 25, 1967, and (8) there was rainfall of more than average during the growing season, (9) the last rain being 2 or 3 days before August 25, 1967, being approximately a 1 inch rain; that the corn was planted on (10) 40 inch rows in single rows and was (11) fertilized with 209 pounds of nitrogen per acre; that (12) on or about July 15th there was a light hail at a time when the corn was (13) tasselled and had ears; (14) between August 15, 1967, and August 20, 1967, the plants were approximately 8 feet to 8½ feet tall, most-

ly green, with the bottom fired and that the ears were too hard for roasting ears and were beginning to dent; (15) on 8/25/67, the corn was all dented; assume, Mr. Clevenger, all these facts are true, do you have an opinion as to the moisture content of this corn silage on August 25, 1967?

"A. Yes, sir. I do.

"Q. What is that opinion?

"Mr. Hankins: We are going to object to that for the reason that no test was made and that the elements in this hypothetical question have not been proved.

"Court: Overruled."

In its brief before this court Wheatheart contends that the hypothetical question contained three facts which had not been admitted in evidence. Those facts, of which appellant complains, are that the corn was planted "on good fertile soil" (Fact No. 4), that the corn was "K665 Northupking" (Fact No. 2), and that on "July 15th there was a light hail" on this field of corn (Fact No. 12).

During the trial appellant objected on the ground "that no test was made and that the elements in this hypothetical question have not been proved." This objection did not specify to which elements, of the at least fifteen separate facts in the question, appellant objected. Such an objection must be classified as a general objection. "A general objection to evidence as a whole, whether it be oral or documentary, which does not point out specifically the portion objected to, is properly overruled if any part of it is admissible." Brown & Root, Inc. v. Haddad, 142 Tex. 624, 628, 180 S.W.2d 339, 341 (1944). An objection to a hypothetical question must specify which particular elements do not conform to the evidence. Shaw Tank Cleaning Co. v. Texas Pipeline Co., 442 S. W.2d 851 (Tex.Civ.App., no writ). Appellant Wheatheart's objection did not specify which of the 15 elements had not been proved and thus it was a general objection. There was no error in overruling the objection.

"The courts do not look with favor on the practice of a 'general objection'. Objections must state clearly and specifically the grounds of the objection. The purpose: (1) it enables the judge to understand the precise question before him and to make an intelligent ruling; and (2) it affords the offering party an opportunity to remedy the defect and reoffer it if possible. Normally, the objecting party will not be permitted to complain of the ruling of the trial court on appeal where a simple general objection was made unless: (1) the ground of excluding the evidence was obvious to the judge and opposing counsel, and the failure to specify the reasons for the objections would not be fatal, and (2) where it clearly appears on the face of the evidence, that such evidence is not admissible for any purpose. See McCormick & Ray, 1 Tex.Prac. §§ 24 and 25, pp. 22–25." Mueller v. Central Power & Light Company, 403 S.W.2d 901, 904 (Tex. Civ.App., no writ.).

Secondly, there was some evidence in the record to support the three facts of which appellant complains. Appellant alleges that there was no testimony that the corn was planted on "good fertile soil". The record reveals that the soil in question was "Permiam type soil, sandy loam," that the soil was a "dark soil", that it was "a good piece of land", and that it had been fertilized "with 200 pounds of nitrogen."

Appellant also alleges that the hypothetical question assumes that the corn was "K665 Northupking". The contract between Wheatheart and appellee called for the planting of two varieties of Northupking brand of seed. The were Mixiking and K665. Throughout the record the parties referred to the seed planted by appellee as "665". The record indicates that "665" was a shorthand way of referring to "K665 Northupking" seed, nor was there

any indication of any evidence that appellee planted any other variety.

Appellant lastly alleges that there was no evidence of a light hail on the K665 Northupking corn on July 15. There was testimony that the field had received a slight hail.

■ As this court stated in the case of Texas Employers' Insurance Ass'n v. Steadman, 415 S.W.2d 211, 215 (Tex.Civ. App., writ ref'd, n.r.e., "(a) hypothetical question should be so framed as to recite the facts relative to forming an opinion, however, the hypothetical question may assume facts which the evidence fairly tends to prove, although they may not have been clearly established."

After a careful study of the record, this court finds that "the evidence fairly tends to prove that the soil was 'good fertile soil'", that the corn referred to as "665" was "K665 Northupking", and that the slight hail on the land was a "light hail" on the corn. For this second reason, the trial court's action in overruling appellant's objection to the hypothetical question must be sustained.

■ Thirdly, assuming that the hypothetical question was inadmissible, it does not present such error as would warrant a reversal of this case under Rule 434, Texas Rules of Civil Procedure. The record reflects other evidence and statements as to the moisture content and it is highly probable that the jury relied on those statements and evidence in rendering its verdict.

Under its second point of error the appellant Wheatheart contends that it was reversible error to allow the appellee to lead and impeach the witness Jack Gerard. Although Gerard is presently, and was on the occasion in question, an employee of Wheatheart, he was called as a witness by the appellee.

As the corn was harvested, Gerard tested various samples of corn with an oil bath tester to determine its moisture content. These tests indicated that the moisture content of the corn ranged from 50% to 62%. After the harvesting was completed, Wheatheart acquired an oven tester. The oven tester indicated that the moisture content was much higher, and it was on the basis of those tests that Wheatheart made its payments to Pletcher.

On direct examination the trial court refused to allow the appellee to lead Gerard, as it was the appellee who called Gerard as a witness. Moreover, on cross examination the court allowed the appellant to lead Gerard. On a voir dire examination of Gerard by appellee, however, Gerard admitted that he had discussed the case with Wheatheart's attorneys and that they had gone over his testimony in detail with him. On the redirect examination by appellee the trial court reversed its earlier ruling and allowed the appellee to lead and impeach Gerard.

■ Gerard had conducted several tests of the corn that indicated the moisture content was less than that claimed by his employer, Wheatheart. At issue in this case was the moisture content of Pletcher's corn. Thus Gerard was a "party in control of the particular matters and things under investigation", and therefore, was an adverse witness under Rule 182. There was no error in allowing appellee to lead and impeach Gerard. See, McCarthy v. City of Houston, 389 S.W.2d 159 (Tex. Civ.App., writ ref'd, n.r.e.); Coffey v. Fort Worth & Denver Railway Company, 285 S.W.2d 453 (Tex.Civ.App., no writ).

Finding no reversible error, we affirm the judgment of the trial court. Affirmed.

DENTON, C. J., not participating.