Alf HUNDERE, Appellant,

v.

TRACY & COOK, a professional corporation, Appellee.

No. 15140.

Court of Civil Appeals of Texas, San Antonio.

March 28, 1973.

Rehearing Denied May 2, 1973.

Strickland & Bell, Baskin, Casseb, Gilliland, Rodgers & Robertson, San Antonio, for appellant.

John C. Ertel, San Antonio, for appellee.

KLINGEMAN, Justice.

Appellee, Tracy & Cook, a professional corporation, brought this suit to recover its fee for legal services performed for appellant, Alf Hundere, in connection with his divorce suit, and for attorney's fees incurred in the prosecution of this suit. Trial was to a jury which found in answer to Special Issue No. 1 that the sum of $9,000 would fairly and reasonably compensate appellee for representing appellant in his divorce action on or after April 29, 1971, and found in answer to Special Issue No. 2 that the sum of $3,950 would be reasonable attorney's fees for appellee's counsel for the prosecution of this suit. Appellant's motion to disregard Special Issue No. 2 was overruled by the court, and appellee's motion for judgment was granted, with judgment being entered for appellee in the sum of $12,950.

Appellant brings forth fourteen points of error. Appellant's first point of error pertains only to Special Issue No. 2,[1] and by such point of error appellant asserts that the trial court erred in awarding appellee its attorney's fees under Article 2226, Vernon's Tex.Rev.Civ.Stat.Ann., for the prosecution of this suit because appellee was a professional corporation at the time its alleged cause of action arose, and Article 2226 did not then allow recovery of attorney's fees by a corporation.

Prior to May 17, 1971, Article 2226 provided that any *person* having a valid claim against a person or corporation for personal services rendered or labor done could recover in addition to the claim and costs, a reasonable amount of attorney's fees if represented by an attorney. This statute was amended in 1971, with the effective date being May 17, 1971, so as to provide that any person, corporation, partnership, or other legal entity having a valid claim for services rendered or labor done may recover in addition to its claim and costs a reasonable amount as attorney's fees if represented by an attorney. Said amended statute further provides that the amount prescribed by the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees, and that the court, in nonjury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence.

---

1. Special Issue No. 2: "What sum of money, if any, do you find from a preponderance of the evidence, if paid now in cash, to be reasonable attorney's fees for plaintiffs' counsel, John Ertel, for the prosecution of this suit?
"Answer in dollars and cents, if any:
"We, the jury, answer: $3,950.00."

Although appellant devotes a considerable portion of his brief on his first point of error as to the matter of retroactive laws and ex post facto laws, appellee concedes that Article 2226 as amended effective May 17, 1971, is not relevant to any issue before this Court, as the facts giving rise to this suit occurred prior to said effective date. Appellee contends, however, that it is entitled to its attorney's fees for prosecution of this suit under Article 2226 as it existed prior to the amendment thereof. Appellee is incorporated under the Texas Professional Corporation Act, Article 1528e, Vernon's Tex.Rev.Civ.Stat.Ann., which became effective January 1, 1970, and was a professional corporation at the time the facts giving rise to this suit occurred.

Appellant asserts that the claim for attorney's fees under Article 2226 is solely dependent upon appellee "having a valid claim," and that appellee, a corporation, could not have a valid claim out of which its rights to attorney's fees arose until after the effective date of the amendment to Article 2226. In support of this point of error, appellant relies on Tenneco Oil Co. v. Padre Drilling Co., Inc., 453 S.W.2d 814 (Tex.1970), which involved Article 2226 before the amendment thereto, and in which the Supreme Court held that a corporation cannot and does not have a claim for personal services rendered or labor done within the meaning of Article 2226 and cannot therefore recover its attorney's fees for the pursuit of such a claim, and reformed the judgments of the courts below by eliminating the attorney's fees item. In such opinion the Court said:

> "It should also be self-evident at this point that a corporation cannot have a claim for 'personal services rendered' or for 'labor done' within the meaning of Art. 2226. This holding does not render

the statute unconstitutional. The word 'persons' includes 'corporations,' and corporations are just as much entitled to the benefits of Art. 2226 as are individuals. This does not mean, however, that corporations may be the owners of every type of claim mentioned in the statute. They may no more be the owners of claims for personal services rendered and labor done than individuals not selling personal property may have suits based upon sworn accounts." 453 S.W. 2d at 820.

We believe that *Tenneco* is controlling herein with regard to appellant's first point of error, and appellant's point of error No. 1 is sustained.

All of the rest of appellant's points of error pertain to Special Issue No. 1.[2]

By his second point of error appellant asserts that the trial court erred in excluding appellant's testimony of his conversation with Earl W. Tracy, Jr., Esq., in which Earl Tracy stated that appellee's fee would be $3,500, which conversation had taken place at a time after which appellee performed no further services for appellant, because such statement constituted an admission against the interests of appellee, and as such was an exception to the hearsay rule.

It appears from the record that on some previous occasions appellee had represented appellant on the basis of $40 an hour, but the testimony as to the exact basis of representation in regard to the divorce suit is conflicting in some respects. Appellee concedes that after appellant's wife sued appellant for divorce, it agreed to represent appellant on some of the preliminary matters on the basis of $40 an hour, and that it was paid for this work. It asserts, however, that on April 29, 1971, it told appellant that it would not continue to repre-

---

2. Special Issue No. 1 inquired of the jury what sum of money would fairly and reasonably compensate appellee for representing appellant in the divorce action on or after April 29, 1971. The jury found such sum to be $9,000.

sent him on an hourly basis, and that its fee would be other than the $40 per hour basis, and that the fee would be a reasonable fee; that on May 12, 1971, Thomas W. Cook, Esq., quoted a figure to appellant of attorney's fees in the amount of $7,500 to $10,000 (appellant says this figure was $7,000), and at such time appellant discharged appellee. At a later time appellant had a telephone conversation with Mr. Earl W. Tracy, Jr. During the trial appellant offered his testimony concerning this conversation with Mr. Tracy. The trial court refused to admit it, but allowed appellant to present the same out of the jury's presence in order to perfect his bill of exception. In such testimony appellant again related his conversation of May 12, 1971, with Mr. Cook, wherein he states that Mr. Cook told him that appellee's fee for work already done and to be done in concluding the divorce case would be $7,000; that at such time he discharged appellant; that later he had a phone conversation with Earl Tracy; and that Mr. Tracy told him in such conversation that appellant would have to have $3,500 to withdraw from the case.

Appellee contends that the trial court properly excluded such testimony in regard to Mr. Tracy's offer to accept $3,500 as attorney's fees for the reason that such offer was clearly an offer of compromise and settlement, and, therefore, inadmissible. Appellant asserts that this was not an offer of compromise and settlement, but merely a statement of the total amount of appellee's fee for the work done to that date. Both parties rely on the case of Sawyer v. Willis, 310 S.W.2d 398 (Tex.Civ. App.—San Antonio 1958, no writ), wherein an attorney sued his client for his fee for legal services, and obtained a judgment of $750. The defendant offered into evidence a written statement of account from the attorney directed to him showing a balance due of $107.35. In such bill the attorney also stated, "'Although I have never done so in my professional life, unless you pay this bill I intend to sue you.'" 310 S.W.2d at 399. The trial court refused to admit the statement into evidence on the ground that it constituted an offer of compromise and settlement. This Court, in reversing and remanding such case, said:

"It is settled that an offer of compromise and settlement of a pending controversy is not admissible in evidence. McCormick & Ray, Law of Evidence, 2d Ed., Vol. 2, p. 29, Sec. 1142. However, as to what constitutes an offer of compromise and settlement coming within the rule, in some cases presents no small difficulty, but it is clear that the offer must not represent the party's actual claim, but rather what he is willing to give or take to avoid the annoyance of litigation. Moreover, it seems clear that there must have been a dispute between the parties prior to the making of the offer. In this case the record fails to show any previous dispute. The record shows that appellee rendered the services and sent a bill for his fee and nothing more. The letter on its face shows the amount appellee claimed to be due at that time. The letter does not come within the rule excluding evidence of offers of compromise and settlement. Neither the letter nor the evidence in the case shows that by said letter appellee was making a concession for the sake of peace." 310 S.W.2d at 399.

In our opinion the trial court properly excluded such testimony as being an offer of compromise and settlement. It is clear from the record that there was a dispute between the parties as to the fee, with appellee contending that its fee was to be on a reasonable basis, which amount it asserted would be $7,500 to $10,000, and with appellant primarily taking the position that the only agreement he had was on an hourly basis, although he testified that appellee agreed to take $7,000 for work done and to be done. It is also clear that there was such a dispute prior to the making of

the offer of $3,500. The offer evidences what the appellee was willing to take in order to avoid the annoyance of litigation. Appellant's point of error No. 2 is overruled.

By ten points of error appellant complains that the trial court erred in admitting into evidence Plaintiff's Exhibit No. 3 [3] because: (1) said exhibit was hearsay to appellant; (2) said exhibit was incapable of being cross-examined; (3) the provisions of Article 2226 as they existed at the time appellant's alleged cause of action arose did not allow the introduction of the Minimum Fee Schedule of the State Bar into evidence; (4) Article 2226 does not render the Minimum Fee Schedule of the State Bar of Texas admissible into evidence in a jury trial; (5) Article 2226 allows the introduction of such schedule admissible only in cases where attorney's fees are admissible as an additional element of damages, auxiliary or adjunct to the primary cause of action, and in this case the court erroneously admitted such exhibit into evidence on appellee's claim for legal services rendered prior to and not in connection with the case at bar; (6) such exhibit was only one page of the Minimum Fee Schedule and gave the jury a slanted, incomplete and one-sided view of the reasonable value of attorney's fees in divorce actions; (7) such exhibit was irrelevant and immaterial because appellant did not agree to pay appellee a fee based upon the Minimum Fee Schedule; (8) appellee undisputedly represented appellant initially on an hourly basis, and appellee did not represent appellant to the conclusion of the ac-

tion, and, therefore, such exhibit was immaterial and irrelevant to any issue in the case; (9) such exhibit allows an attorney an additional fee based upon the value of the property allocated to the client for consummating an agreed property settlement incident to a divorce case, and appellee in this case did not consummate an agreed property settlement while acting as appellant's attorney; and (10) said exhibit is relevant only to the recovery of property by an attorney for his client, and appellee did not recover anything for appellant, and therefore such exhibit is inapplicable and thus irrelevant and immaterial.

It is clear that all the services listed therein were not performed by appellee, but appellee says this is true because appellant summarily fired appellee prior to the completion of the divorce action. Appellee concedes that the provisions of Article 2226 as amended May 17, 1971, are not relevant to any issue before the Court since the facts giving rise to this suit occurred prior to the effective date of such amendment. It asserts, however, that Plaintiff's Exhibit No. 3 was properly admissible under Article 2226 as it existed prior to the amendment thereof; that there is nothing in the provisions of Article 2226 that would prohibit the introduction of such fee schedule; and that such exhibit is admissible to show the reasonableness of such attorney's fees.

Assuming arguendo that there was error in admitting Plaintiff's Exhibit No. 3 into evidence, it was harmless error. Error in admitting or excluding testimony

---

3. Plaintiff's Exhibit No. 3 is page 22 of the Minimum Fee Schedule of the State Bar of Texas. It is entitled "Divorce" and lists certain minimum fees for various types of divorce actions. There is a listing therein entitled "Property Settlement—Additional Fee" which provides that for representing the plaintiff or defendant in agreed property settlements incident to the divorce that the attorney will be entitled to a minimum of 10% of the first $5,000 of the net value of the property allocated to the client and a minimum of 5% of the net value of the property allocated to the client in excess of $5,000. There is a statement therein that the listed fees will usually cover the following services: conferences with client; preparation of necessary pleadings; conferences with attorney for the other spouse; examination of documents; and preparation of final decree.

will be reversible error only if the record as a whole affords a substantial basis for the reasonable belief that the admission or exclusion of such evidence may have caused the rendition of an improper judgment. The determining factor is whether the evidence was of such probative force that its admission or exclusion was likely to have caused the jury to render a verdict different than that it did render, and the strength and weight of the other evidence will be appraised by the court in determining the question of reversibility. Otto v. Otto, 438 S.W.2d 587 (Tex.Civ.App.—San Antonio 1969, no writ); Appellate Procedure in Texas, Harmless Error, Section 17.12.

■ We have carefully examined the entire record. There is other evidence, competent and relevant, in the record sufficient to support the jury's answer to Special Issue No. 1. There is evidence that the fee arrangement was on a reasonable fee basis. Both Mr. Tracy and Mr. Cook testified in some detail as to the basis of their fee and of the work done by them on or after April 29, 1971. They testified as to many conferences, both with their client and with the attorney for the plaintiff, numerous telephone conferences, briefing, research, and the formulation and drafting of a property settlement agreement. Mr. Cook testified that while he did not keep complete records of the time he spent, that he conservatively spent between fifty and sixty-five hours on the case after April 29, 1971; and Mr. Tracy testified that he spent approximately thirty-five hours. Mr. Cook testified that among the factors taken into consideration in setting a fee in a

divorce case were: (a) complexity and difficulty of handling the particular case; (b) the size of the estate involved; (c) what your client stands to lose and what you gain for him; (d) the fault of the parties; (e) the amount of time spent; and (f) the expertness of the lawyer. There is testimony that the total value of the property involved in the divorce settlement was in excess of $750,000; and that it was a complex estate involving various corporations and complex tax problems.[4] S. Benton Davies, Jr., Esq., attorney for Mrs. Hundere, testified that he negotiated a property settlement with Mr. Cook, and that they arrived at a method for making a property settlement which was similar to the final settlement made. Bernard Ladon, Esq., testified that as an attorney he had been involved in many divorce cases, perhaps five hundred. · He testified that in setting a divorce fee you would have to take into consideration many factors, including the amount of the estate involved, the length of time the parties had been married because of the question of co-mingling of separate funds and community funds, tax questions, the question of custody and child support, the number of hours involved, but that there are many other factors that are more important than hours; and that the fault of the parties is also taken into consideration. Mr. Ladon also testified that he considered an hourly charge of $40 was too low; that it should be more than that; and that he did not think anybody charged it anymore. He further testified in answer to a hypothetical question that a fee of $17,500 to $20,000 would be a fair and reasonable fee in the divorce suit here involved.

4. In Braswell v. Braswell, 476 S.W.2d 444 (Tex.Civ.App.—Waco 1972, writ dism'd), the Court upheld an award of $250,000 attorney's fees in a divorce suit, and in such case said: "In any event, in deciding the reasonable value of legal services, the fact-finder may properly consider, among other factors, the time and labor involved; the nature and complexities of the case; the amount of money or value of the property or interest involved, and the extent of the responsibilities assumed by the attorney; whether other employment is lost by the attorney because of the undertaking; the benefits resulting to the client from the services; the contingency or certainty of compensation; and whether the employment is casual or for an established or constant client. 56 A.L.R.2d 20." 476 S.W.2d at 446.

It is to be noted that the jury apparently paid little attention, if any, to the Minimum Fee Schedule. The original petition in the suit before us alleges that the property settlement involved property of a value in excess of $750,000, and that in the property settlement agreement appellant received in excess of $500,000; and there is testimony to this effect. Under the Minimum Fee Schedule, an award in excess of $25,000 could have been awarded, but instead the jury made an award of $9,000. This is within the range of testimony of appellee that appellant was told that his fee would be between $7,500 and $10,000.

The record as a whole does not afford any substantial basis for the belief that the admission of the evidence complained of by appellant was reasonably calculated to cause and probably did cause the rendition of an improper verdict. Rule 434, Texas Rules of Civil Procedure; Aultman v. Dallas Railway & Terminal Company, 152 Tex. 509, 260 S.W.2d 596 (1953); Otto v. Otto, supra; Appellate Procedure in Texas, Harmless Error, Sections 17.6, 17.12. Appellant's points of error Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 are overruled.

■ By his thirteenth point of error appellant complains that the trial court erred in admitting into evidence the testimony of S. Benton Davies, Jr., relating to appellant being at fault in causing the divorce between him and his wife, because such evidence was irrelevant and immaterial to any issue in the case, and was highly prejudicial to appellant. In this connection his particular complaint is that Mr. Davies, who was Mrs. Hundere's attorney, was allowed to testify that he had filed an application for a motion for contempt and restraining order in which she asked that appellant be restrained from doing any act of any nature reasonably calculated to humiliate or otherwise molest or injure Mrs. Hundere or her children; that appellant was violent and given to physical acts and abuse, and that he had bruised, beaten and physically abused Mrs. Hundere in front of the parties' son; and that the court had granted such restraining order.

Appellee says that the trial court properly admitted such testimony for the reason that such testimony was relevant to the issue of attorney's fees, and that any objection to said evidence was waived by appellant when he failed to object to the introduction of Plaintiff's Exhibit No. 1.

It is to be remembered there is testimony that one of the factors to be taken into consideration in determining the fee in a divorce case is the fault of the parties and that the fault of the parties enters into the matter of child custody and can also be considered in the adjudication of property. Also, a review of the testimony of Mr. Davies reveals that the main import of his testimony with regard to the fault of the parties was a review of the various pleadings and motions he filed in the divorce proceedings, and what relief he was asking for under such pleadings and motions. Plaintiff's Exhibit No. 1 is a copy of the district court file in the divorce suit between appellant and Mrs. Hundere. In such proceedings, there is a copy of the motion for contempt and restraining order filed on behalf of Mrs. Hundere in which, among other things, she asked that appellant be restrained from doing any act of any nature reasonably calculated to embarrass, humiliate, or otherwise molest or injure Mrs. Hundere or her children, which motion also contains an allegation that appellant is a person of violent nature, with ungovernable temper, given to physical acts and abuse, and that on one occasion appellant came to the home of Mrs. Hundere and beat, bruised and physically injured the plaintiff in front of her twelve year old son. It also contains an order of the court restraining appellant from doing any act of any nature reasonably calculated to embarrass, humiliate, or otherwise molest or injure the plaintiff. Appellant made no objection to the introduction of this exhibit

(Plaintiff's Exhibit No. 1), and it was admitted into evidence without objection from appellant.

It appears to be settled in this state that objections to evidence are unavailable when similar evidence to the same effect is offered and received without objection. New Hampshire Fire Insurance Co. v. Plainsman Elevators, Inc., 371 S.W.2d 68 (Tex.Civ.App.—Amarillo 1963, writ ref'd n. r. e.); Bolstad v. Egleson, 326 S.W.2d 506 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.); Lubbock Bus Company v. Pearson, 277 S.W.2d 186 (Tex.Civ.App.—Amarillo 1955, writ ref'd n. r. e.); Rowe v. Liles, 226 S.W.2d 253 (Tex.Civ.App.—Waco 1950, writ ref'd). Appellant's point of error No. 13 is without merit and is overruled.

By his last point of error appellant asserts that the trial court erred in granting judgment based on the jury's answer to Special Issue No. 1, because the answer is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust, and because the evidence is clearly insufficient to support such answer.

We have carefully reviewed the entire record and have heretofore set forth in some detail the pertinent evidence. Such review of the entire record convinces us that the jury's answer to Special Issue No. 1 is not against the great weight and preponderance of the evidence, and is amply supported by the evidence. Appellant's last point of error is overruled.

The judgment of the trial court is reformed so as to eliminate therefrom that portion awarding appellee the sum of $3,950 as reasonable attorney's fees for appellee's counsel for the prosecution of this suit, and the judgment as so reformed will provide for a recovery for appellee in the sum of $9,000. Costs of court are assessed one half against appellant, and one half against appellee. The judgment as reformed is affirmed.