v.

The STATE of Texas, Appellee.

No. 13602.

Court of Appeals of Texas,
Austin.

Sept. 21, 1983.

David Lochabay, Austin, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., First Asst. Dist. Atty., Austin, for appellee.

GAMMAGE, Justice.

This is an appeal from an order of the district court of Travis County, sitting as a juvenile court, waiving the jurisdiction of the juvenile court over appellant and transferring his cause to district court for criminal proceedings.

Under Tex.Fam.Code Ann. § 54.02 (1975) the juvenile court may waive its jurisdiction and transfer a child to district court for criminal proceedings if the child is 15 years of age or older at the time he was alleged to have committed the offense. Appellant raises three points of error all alleging, in essence, that the court lacked jurisdiction to enter the transfer order because there was no competent evidence of appellant's age. We disagree and will affirm the order of the juvenile court.

■ During the course of the transfer hearing, the State offered into evidence a copy of a birth certificate purported to be appellant's and showing two different dates: December 4, 1963 in the box marked "Date of Birth" on the portion of the document labelled "Child," and April 29, 1964 typed in at the bottom of the form. Appellant argues that there was no competent evidence of his age because the copy of the birth certificate was erroneously admitted. We make no finding as to whether the birth certificate was improperly admitted since any error in its admission was harmless because evidence to the same effect came before the court without objection. *cf., Hundere v. Tracy & Cook,* 494 S.W.2d 257 (Tex.Civ.App.1973, writ ref'd n.r.e.).

Another copy of this same birth certificate was attached to the report of probation officer Jack Shirley. When Mr. Shirley testified concerning his investigation and report, appellant's counsel approached him and verified the report as a copy of the one filed with the court. There was no objection made to its contents, which also included a statement that appellant's date of birth was December 4, 1963. Counsel for

appellant had earlier objected to Mr. Shirley's "testifying to reports not in evidence." In response to the objection, the court pointed out that the report "has been filed with the Court pursuant to the Court's order and pursuant to the provisions of the Family Code." We note that the report and the accompanying copy of the birth certificate are part of the record.

■ Mr. Shirley's report was made pursuant to the provisions of Tex.Fam.Code Ann. § 54.02(d), (e) (1975). These provisions are mandatory—the court must order such a report and must consider it in making the waiver determination. *L——— L——— v. State*, 577 S.W.2d 375 (Tex.Civ. App.1979, writ ref'd n.r.e.); *R.K.A. v. State*, 553 S.W.2d 781 (Tex.Civ.App.1977, no writ). Thus, the court was not only justified in considering Mr. Shirley's report, but was required by law to do so. Either of the dates on the certificate would indicate that appellant was 15 years of age or older on the date of the alleged offense, November 10, 1980. This evidence being properly before the court, we find any error in admitting the State's copy of the birth certificate harmless and affirm the order of the trial court.